UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DONALD REYNOLDS and NORMAN YARBER, on behalf of themselves and all other persons similarly situated and the UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US INC., RESOLUTE FP US HEALTH AND WELFARE BENEFIT PLAN, and RESOLUTE FP US HEALTH REIMBURSEMENT ACCOUNT PLAN <br><br> *Defendants*. | Case No. 1:16-cv-00048-CHS |

## ORDER

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq. ("ERISA"), and collective bargaining agreements enforceable under the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), with respect to post-retirement insurance benefits, as filed against Defendants Resolute Forest Products, Inc. and Resolute FP US, Inc. (together, "Resolute"), Resolute FP US Health and Welfare Benefit Plan ("Health and Welfare Plan"), and Resolute FP US Health Reimbursement Account Plan ("HRA Plan," and together with Resolute and the Health and Welfare Plan, "Defendants").

Presented to the Court for preliminary approval is a settlement of the litigation (the "Settlement"). The terms of the Settlement are set out in a Settlement Agreement dated April 23, 2018 (the "Settlement Agreement"), executed by the parties and their counsel. Capitalized words not defined in this Order shall have the meaning set forth in the Settlement Agreement.

The undersigned conducted a hearing on May 29, 2018. Appearing as attorneys for Plaintiffs were David W. Garrison of Barrett, Johnston, Martin & Garrison, LLC and Joel R. Hurt of Feinstein Doyle Payne & Kravec, LLC. Appearing as attorneys for Defendants were J. Alan Jackson, II of Spears, Moore, Rebman & Williams PC and Ian H. Morrison of Seyfarth Shaw LLP.

The Court has preliminarily considered the Settlement to determine, among other things, whether to certify a class for settlement purposes only, whether the Settlement merits preliminary approval, and whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class. Upon reviewing the Settlement Agreement and motion papers relating to the request for preliminary approval of the Settlement, it is hereby **ORDERED** as follows:

1. **Class Findings:** The Court defines the settlement class under Fed. R. Civ. P. 23 in this litigation for settlement purposes only (the "Settlement Class") as follows:

> All former hourly, unionized employees of the Company's Calhoun, Catawba and Coosa Pines Mills who, (a) as of December 31, 2014, were receiving Company-sponsored Medicare-eligible retiree medical insurance benefits, or (b) were retired as of December 31, 2014 and whose date of first eligibility to receive Company-sponsored Medicare-eligible retiree medical insurance benefits is after December 31, 2014, along with their eligible spouses, dependents and surviving spouses.

> In addition, the Settlement class includes the former hourly, unionized employees of the Company's Coosa Pines Mill identified in Exhibit B who retired between January 1, 2015, and December 31, 2015, and (a) were eligible to receive Company-sponsored Medicare-eligible retiree medical insurance benefits immediately following their retirement, or (b) became eligible to receive Company-sponsored Medicare-eligible retiree medical insurance benefits at a later date, including those who become eligible for such benefits after the Settlement Effective Date, along with their eligible spouses, dependents, and surviving spouses.

The Court finds this Class is ascertainable by objective criteria; and that Fed. R. Civ. P. 23(a) is satisfied because (1) the Class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the Class, (3) the claims of the representative parties are typical of the claims of the class, and (4) the Class Representatives Donald Reynolds and Norman Yarber will fairly and adequately protect the interests of the class. The Class is certified under Fed. R. Civ. P. 23(b)(1)(A), because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants. In the alternative, the Class is certified under Fed. R. Civ. P. 23(b)(2), because Defendants acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

2. **Appointment of Class Representatives and Class Counsel:** The Court appoints Donald Reynolds and Norman Yarber as Class Representatives to represent the Settlement Class, and appoints Feinstein Doyle Payne & Kravec, LLC, and Barrett, Johnston, Martin & Garrison, LLC, as Class Counsel pursuant to Fed. R. Civ. P. 23(e) and (g).

3. **Preliminary Findings Regarding Proposed Settlement:** The Court has preliminarily considered the following factors: (1) the likelihood of Plaintiffs' success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the risks, expense, and delay of further litigation; (3) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (4) the amount of discovery completed and the character of the evidence uncovered; (5) whether the settlement is fair to the unnamed class members; (6) objections raised by class members; (7) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (8) whether the settlement is

consistent with the public interest. The Court concludes that these factors favor preliminary approval of the proposed settlement, and finds that:

- A. the proposed Settlement resulted from extensive arm's-length negotiations;
- B. the Settlement Agreement was executed only after Class Counsel had conducted substantial pre-settlement investigation, including production and review of documents and written discovery responses, and following motion practice on the claims;
- C. Class Counsel has concluded that the Settlement Agreement is fair, reasonable and adequate; and
- D. The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

6. **Class Notice:** The Settling Parties have presented to the Court a proposed form of Class Notice. The Court finds that the proposed form of the Notice to the Class complies with the requirements of due process and Fed. R. Civ. P. 23(d), (e) and (h), and fairly presents the terms of the Settlement Agreement and the Class Members' rights and responsibilities in the settlement approval process.

The Settling Parties have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances, and directs that the Defendants shall:

- i. Within seven calendar days following preliminary approval, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be mailed, by first-class mail, postage prepaid, to the

last known household address of each member of the Settlement Class who can be identified through Defendants' records and/or commercially reasonable means.

    ii.    For any Class Notice returned as undeliverable, the parties shall jointly attempt to determine the current address of the Person and Defendants shall mail notice to that address no later than 21 days after preliminary approval.

7.    **Fairness Hearing:** A hearing will be conducted before this Court on August 3, 2018, at 10:00 AM (Eastern Time) to finally determine the fairness, reasonableness, and adequacy of the terms and conditions of the settlement set forth in the Settlement Agreement ("Fairness Hearing"), and to consider Plaintiffs' motion for an award of attorney fees and expenses ("Fee Motion"). Plaintiffs shall file their Fee Motion at least 21 days prior to the Fairness Hearing and at least 7 days prior to the deadline for Objections to the Settlement. Any Class Member who has timely filed an objection and notice of intention to speak may appear personally or by counsel at the hearing and may object or express his or her view regarding the Settlement Agreement and/or the Fee Motion.

8.    **Objections to Settlement:** Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, or to the proposed award of attorneys' fees and costs, may file an Objection. Objections must be filed as described herein. The objector must do the following: (A) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (B) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel.

5

The addresses for filing objections with the Court and service on counsel are as follows:

>Clerk of the Court
>United States District Courthouse
>900 Georgia Avenue
>Chattanooga, TN 37402
>
>Pamina Ewing
>Joel R. Hurt
>Ruairi McDonnell
>Feinstein Doyle Payne & Kravec, LLC
>429 Fourth Avenue
>Allegheny Building, Suite 1705
>Pittsburgh, PA 15219
>
>Ian H. Morrison
>Andrew Scroggins
>Cheryl A. Luce
>Seyfarth Shaw LLP
>233 South Wacker Drive
>Suite 8000
>Chicago, Illinois 60606-6448

The objector or his, her, or its counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file it with the Court by no later than 14 days before the date of the Fairness Hearing. Any objection filed thereafter will not be considered. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than 14 days before the date of the Fairness Hearing. Failure to timely serve objections(s) on either the Court or Counsel shall constitute a waiver of the objection(s). Except by special order of the Court, any member of the Settlement Class or other Person who does not timely file and serve a written objection complying with the terms of this paragraph

shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

9. **Appearance at Fairness Hearing:** Any objector who files and serves a timely, written objection in accordance with paragraph 8 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must effect service of a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court by no later than 14 days before the date of the Fairness Hearing. Except by special permission of the Court, any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

10. **Responses to Objections:** The parties may submit briefs in response to any objection(s) at least 7 days prior to the Fairness Hearing.

11. **Final Approval Motion:** Plaintiffs must submit their motion for Final Approval of the Settlement at least 7 days prior to the Fairness Hearing.

12. **Service of Papers:** Defendants' counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

13. **Termination of Settlement:** If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions as though the Settling Parties never executed the Settlement Agreement.

14. **Use of Order:** This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification in the event that the Settlement Agreement is terminated.

15. **Continuance of Hearing:** The Court reserves the right to continue the Fairness Hearing without further written notice, except that notice will be provided to any Class Member who has timely filed an objection.

16. **Bar Order:** From the date of this Order until the date upon which the Court decides the motion for final settlement approval, all Settlement Class members shall be barred from filing any complaints, demands, lawsuits, or other actions in any court or with any government agency regarding the Released Claims described in the Settlement Agreement.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE