UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DONALD REYNOLDS and NORMAN YARBER, on behalf of themselves and all other persons similarly situated and the UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC,<br><br>                Plaintiffs,<br><br>   v.<br><br>RESOLUTE FOREST PRODUCTS, INC., RESOLUTE FP US INC., RESOLUTE FP US HEALTH AND WELFARE BENEFIT PLAN, and RESOLUTE FP US HEALTH REIMBURSEMENT ACCOUNT PLAN<br><br>                Defendants. | Civil Action No.: 1:16-cv-00048<br><br>Class Action<br><br>Mag. Judge Christopher H. Steger |

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

Pending before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs and Expenses [Doc. 71]. For reasons that follow, the motion [Doc. 71] is hereby **GRANTED**.

Plaintiffs Donald Reynolds and Norman Yarber ("Class Representatives"), and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW"), have entered into a proposed settlement with Defendants Resolute Forest Products, Inc., Resolute FP US Inc., Resolute FP US Health and Welfare Benefit Plan, and Resolute FP US Health Reimbursement Account Plan ("Defendants").

On June 5, 2018, this Court entered an order granting class certification of a Settlement Class, appointing Class Representatives to represent the Class and Feinstein Doyle Payne &

Kravec, LLC and Barrett Johnston Martin & Garrison, LLC as Class Counsel, and preliminarily approving the Settlement Agreement and setting the fairness hearing for August 3, 2018 [Doc. 69].

As part of the settlement, Defendants have agreed to pay attorneys' fees, costs, and expenses in an amount not to exceed $100,000 [Doc. 60-1 at ¶ 6.A]. Plaintiffs have moved, pursuant to Fed. R. Civ. P. 54(d)(2), for $96,779.61 in attorneys' fees and $3,220.39 in costs and expenses, for a total fee and expense award of $100,000.00. Defendants do not oppose this motion.

The Court finds that Plaintiffs' requested fee, costs, and expense award is justified under ERISA, which provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Settlement Agreement clearly represents "some degree of success on the merits" within the meaning of Hardt v. Reliance Standard Life Insurance Co., 560 U.S. 242, 245 (2010). The Court has considered the five factors identified in Secretary of Department of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985) and finds that they support an award of fees and costs to Plaintiffs since the lawsuit was brought to benefit a class, and the Settlement will result in improvements to current retiree medical benefits.

Plaintiffs have requested an attorney fee award of $96,779.61. Given the facts of this case, the Court concludes that, utilizing under a "lodestar" analysis under ERISA, the requested fee should be approved. The Court finds that in this case, a rate of $625 per hour is reasonable for attorney William T. Payne, $550 per hour is reasonable for attorney Pamina Ewing, $530 per hour is reasonable for attorney Joel R. Hurt, and $310 per hour is reasonable for attorney Ruairi McDonnell. The Court also finds that a rate of $485 is reasonable for attorney David W.

Garrison, $425 per hour is reasonable for attorney Scott P. Tift, $350 is reasonable for attorney Seth M. Hyatt, and $285 per hour is reasonable for attorney Joshua A. Frank.

The Court also finds that Plaintiffs' request for costs and expenses totaling $3,220.39 should be approved. The requested award of $100,000.00 is hereby approved and Defendants are directed to make payment of these fees, costs, and expenses as set forth in the parties' Settlement Agreement.

For the foregoing reasons, it is hereby **ORDERED** that:

1. Plaintiffs' Motion for Attorneys' Fees, Costs and Expenses [Doc. 71] is **GRANTED**.

2. Defendants' shall pay to Plaintiffs' counsel a total of $100,000 in attorneys' fees and fees, costs and expenses as specifically set forth in the parties' Settlement Agreement.

   **SO ORDERED**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE